IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOT LEHR, RANDY GIBSON, and KENNETH SCHALLENBERG, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LOWE'S COMPANIES, INC., CCA GLOBAL PARTNERS, CARPET ONE, FLOOREXPO, FLOORING AMERICA, PROSOURCE WHOLESALE FLOORCOVERINGS, INTERNATIONAL DESIGN GUILD, STONE MOUNTAIN'S, CARPET MILL OUTLET/GCO CARPET, THE HOME DEPOT, INC., CARPETSPLUS, ABBEY CARPET, SALTIRE SOFTWARE, and RFMS, <br><br> Defendants. | CIVIL NO. 05-333-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This action is before the Court on Plaintiff's petition for attorneys' fees pursuant to 28 U.S.C. § 1447(c). (*Doc. 53*) Plaintiff seeks fees and expenses in the amount of $9,298.75 incurred as a result of the improper removal of this action from state court. CCA Global Partners filed a memorandum in opposition to the petition in which it disputes the requested fees and argues that an award of fees is inappropriate in this case because of the complicated nature of the remand. (*Doc. 58*)

"An order remanding the case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In this Circuit, as long as removal was improper, the plaintiff is *presumptively* entitled to an award of fees because § 1447(c) is a fee-shifting statute. *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003), *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-11 (7th Cir. 2000), *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367-68 (7th Cir. 2000), and *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000). The presumption is rebuttable, *Sirotzky*, 347 F.3d at 987, but CCA Global Partners has not rebutted the presumption.

The Court stands by its analysis and conclusion that the removal was improper. While CCA Global Partners may feel justified in its attempt to remove this action, it is well-settled that "§ 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes." *Garbie*, 211 F.3d at 410. The Court has reviewed the fees and expenses sought and finds them to be reasonable.

For the foregoing reasons, Plaintiffs' motion for attorney's fees (Doc. 53) is **GRANTED**, and Plaintiffs are awarded fees and costs in the amount of **$9,298.75.**

**IT IS SO ORDERED.**

DATED: 10/05/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge